# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5169 | **DATE** | July 18, 2002 |
| **CASE TITLE** | *Lalit Gupta, et al. vs. Austrian Airlines, et al.* | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court denies plaintiffs' Motion to Strike [30-1] and denies defendants' Motion for Summary Judgment [30-2]. Discovery cut-off date is October 24, 2002, which includes experts, if any. Final pretrial order is to be submitted in open court at 9:30 a.m. on November 26, 2002. These dates are final and will not be extended for either party, whether agreed or not.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | **Document Number** |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | **JUL 1 9 2002** | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | **33** |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| CW | courtroom deputy's initials | | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LALIT K. GUPTA, Administrator of the )
Estate of Om Parkash Gupta, deceased, )
and PARVEEN KUMARI GUPTA, )
surviving spouse of the decedent, Om )
Parkash Gupta, )
                   )
           Plaintiffs, )    Case No. 01 C 5169
                   )
         v. )    Judge James H. Alesia
                   )
AUSTRIAN AIRLINES, and AUSTRIAN )
AIRLINES - U.S. SUBSIDIARY, )
                   )
           Defendants. )

DOCKETED
JUL 1 9 2002

## MEMORANDUM OPINION AND ORDER

Currently before the court are: (1) plaintiffs' motion to strike, and (2) defendants' motion

for summary judgment. For the reasons set forth below, the court (1) denies plaintiffs' motion

to strike, and (2) denies defendants' motion for summary judgment.

## I. BACKGROUND[1]

On August 21, 2000, Om Parkash Gupta (the "decedent") became ill and died while a

passenger on Austrian Airlines Flight 542, a non-stop flight from New Delhi, India to Vienna,

Austria. The decedent's ultimate destination was Chicago, Illinois. Parveen Kumari Gupta, the

decedent's surviving spouse, along with Lalit K. Gupta, the decedent's brother and the

administrator of his estate, are the plaintiffs in this suit. The complaint alleges the decedent's

---

[1]Unless otherwise indicated, the following facts – taken from the parties' Local Rule 56.1 statements – are undisputed.

death was caused in part by inadequate medical equipment on the airplane and improper training of the flight crew in the handling of in-flight medical emergencies.

Plaintiff Parveen Kumari Gupta is a legal immigrant of the United States and a resident of Ohio. Plaintiff Lalit K. Gupta is a citizen of the United States and a resident of Ohio. Defendant Austrian Airlines is a foreign air carrier engaged in the business of international carriage by air of passenger, baggage, and cargo, and operates flights within the Republic of Austria and between the Republic of Austria and other countries, including the United States and India. Austrian Airlines is a corporation organized and existing under the laws of the Republic of Austria with its corporate headquarters and principal place of business in Vienna, Austria.

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the plaintiffs' claims arise under the Warsaw Convention ("Convention").[2] Venue is proper here because Austrian Airlines is subject to personal jurisdiction in the Northern District of Illinois. Also, Article 28 of the Convention provides that an action for damages may be brought, at the plaintiff's option, "either before the court of the domicile of the carrier or of his principal place of business, or where he has a place of business through which the contract has been made, *or before the court at the place of destination.*" 49 Stat. at 3020 (emphasis added). Because decedent's ultimate destination was Chicago, this action was properly brought in federal district court in Chicago.

---

[2]The Warsaw Convention is the popular name for the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876. *Deere & Co. v. Deutsche Lufthansa Aktiengesellschaft*, 855 F.2d 385, 387 n.2 (7th Cir. 1988).

This court ordered the parties to file motions on the pleadings addressing the applicability of the Convention, jurisdiction and venue. (Ct. Orders dated Oct. 9, 2001 & Jan. 31, 2002.) When the court ordered this briefing, it gave parties leave to take limited discovery on only these limited issues. (Ct. Order dated Oct. 9, 2001.). At the request of the parties, the court clarified its order, again limiting discovery to the issues of applicability of the Convention, jurisdiction and venue. (Ct. Order dated Apr. 2, 2002.) In response, defendants filed a motion for summary judgment, arguing that (1) defendants are entitled to summary judgment because the decedent's death was not caused by an "accident" within the meaning of the Convention because neither inadequate medical equipment nor negligent crew response constitutes an Article 17 accident, and (2) plaintiffs' complaint should be dismissed under the doctrine of forum non conveniens. Also, plaintiffs have filed a motion to strike certain affidavits and, in the alternative, to strike defendants' reply memorandum.

## II. DISCUSSION

### A.    Plaintiffs' motion to strike

As a threshold issue, the court will dispose of plaintiffs' motion to strike, to establish what evidence is admissible and, therefore, properly before this court in support of the summary judgment motion. Plaintiffs are moving to strike (1) certain affidavits filed by the defendants in support of their summary judgment motion and, in the alternative, (2) defendants' reply memorandum. The court will address each portion of the plaintiffs' motion in turn.

First, plaintiffs argue that on May 23, 2002, ten days after defendants filed their reply brief, defendants filed two affidavits in further support of their summary judgment motion. Plaintiffs argue that these affidavits should be stricken because they are outside the briefing

3

contemplated by Federal Rule of Civil Procedure 12(f). Plaintiffs do not identify which two affidavits they are moving to strike, but defendants' response identifies them as the declarations of Ursula Rumler, a purser and flight attendant for the airlines, and Thomas Heinrich, the head of flight safety and security training for the airlines.

The Rumler and Heinrich affidavits detail the events that transpired on the airplane as well as the adequacy of the medical equipment and flight attendant training. Although these facts are relevant to the defendants' liability under the Convention, they go beyond the limited discovery this court allowed regarding the applicability of the Convention. Because no discovery has been allowed on the liability issues, the court cannot assess liability under summary judgment standards. *See Graham v. Sauk Prairie Police Comm'n*, 915 F.2d 1085, 1100 n.10 (7th Cir. 1990) (finding that the district court erred in assessing municipal liability claims under summary judgment standards rather than under standards applicable to judgment on the pleadings when no discovery had been allowed on the municipal liability issue). Therefore, in addressing defendants' motion for summary judgment, the court did not consider the Rumler and Heinrich affidavits that plaintiffs move to strike. Accordingly, the court denies as moot plaintiffs' motion to strike these affidavits.

Second, plaintiffs argue that defendants served local counsel with their reply brief on May 24, 2002, eleven days after filing it with the court on May 13, 2002, and that they never served the reply brief upon plaintiffs' Ohio counsel. Plaintiffs cite to Local Rule 7.1(c) to support their argument that the reply brief should be stricken because it was outside the ten-day limitation for service of responsive pleadings. The Northern District of Illinois does not have a Local Rule 7.1(c). Local Rule 7.1 sets forth the page limits for briefs filed with the court, but

4

does not have a part (c) or set forth any rules regarding a time limitation for service of responsive pleadings. In fact, the court is unaware of any local rule containing this requirement. Further, Federal Rule of Civil Procedure 5(b)(2) authorizes service of all papers by mail and expressly provides that "[s]ervice by mail is complete upon mailing." FED. R. CIV. P. 5(b)(2). Here, as evidenced by the Notice of Filing and Certificate of Service, the reply brief was served by defendants' counsel on May 13, 2002, when the papers were deposited into U.S. mail, postage prepaid, addressed to the plaintiffs' counsel. Therefore, defendants properly executed service of the reply brief on May 13, 2002. Accordingly, the court denies plaintiffs' motion to strike defendants' reply brief.

## B. Defendants' motion for summary judgment

Having decided the evidentiary issues raised in plaintiffs' motion to strike, the court now proceeds to the defendants' motion for summary judgment.

### 1. Summary judgment standard

A motion for summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Smith v. Severn,* 129 F.3d 419, 425 (7th Cir. 1997).

The burden is on the moving party to show that no genuine issues of material fact exist. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Anderson,* 477 U.S. at 256. Once the moving party presents a *prima facie* showing that it is entitled to judgment as a matter of law, the non-moving party may not rest upon the mere allegations or denials in its pleadings but must set forth specific facts showing that a genuine issue for trial exists. *Celotex,* 477 U.S. at 324; *Anderson,* 477 U.S. at 256-57; *Schroeder v. Lufthansa German Airlines,* 875 F.2d 613, 620 (7th Cir. 1989).

Defendants argue (1) they are entitled to summary judgment because the decedent's death was not caused by an "accident" within the meaning of the Convention because neither inadequate medical equipment nor negligent crew response constitutes an Article 17 accident, and (2) plaintiffs' complaint should be dismissed under the doctrine of forum non conveniens. Because this court cannot decline jurisdiction under forum non conveniens unless it legitimately has jurisdiction in the first place, the court first will address whether it has jurisdiction under the Convention.

## 2. **Applicability of the Convention**

The Convention is an international treaty making airlines liable up to $75,000 for injuries arising out of accidents on board airplanes or during the process of embarking or disembarking. Article 17 of the Convention describes the circumstances under which an airline may be held liable for injuries to passengers occurring in the course of international travel. It provides that:

> [t]he carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

6

49 Stat. at 3018. Thus, in order to prevail on a claim under the Convention, a plaintiff must prove that: (1) an accident (2) took place on board the aircraft or in the course of operation of embarking or disembarking, (3) which caused (4) an injury. *See McCaskey v. Continental Airlines, Inc.*, 159 F. Supp. 2d 562, 569 (S.D. Tex. 2001) (citing *Eastern Airlines, Inc. v. Floyd*, 499 U.S. 530, 535-36 (1991)). Recently, the United States Supreme Court held that the Convention provides international passengers the exclusive means of recovery for injuries suffered on an aircraft and, thus, precludes relief for causes of action brought under state common law. *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161 (1999) ("[R]ecovery for a personal injury suffered 'on board [an] aircraft or in the course of any of the operations of embarking or disembarking' ... if not allowed under the Convention, is not available at all."). In the present matter, the defendants maintain that no "accident" occurred.

The Supreme Court defined "accident" in this context as an unexpected or unusual event or happening external to the passenger, and it instructed that this definition "should be flexibly applied after an assessment of all the circumstances surrounding a passenger's injuries." *Air France v. Saks*, 470 U.S. 392, 405 (1985). The Supreme Court also explained that, although the "accident" must cause the passenger's injury, it need not be the *sole* causal factor. *Id.* Rather, because "any injury is the product of a chain of causes," a plaintiff under the Convention need only "prove that some link in the chain was an unusual or unexpected event external to the passenger." *Id.* at 406.

Plaintiffs concede that the decedent's heart attack itself, or his internal reaction to the normal operation of the aircraft, was not an "accident" under these definitions. However, plaintiffs contend that the accident is not the heart attack itself, but the alleged aggravation of

7

decedent's condition by defendants' failure to render him adequate medical assistance. In other words, plaintiffs argue that the relevant injury caused by an alleged "accident" was not the initial heart attack, but the subsequent aggravated harm and death that would not have occurred had the airlines employed adequate medical equipment and training. The unusual and unexpected event on which plaintiffs base their claim was the failure of the flight attendants to adequately respond to the decedent's heart attack.

To resolve the ultimate question of liability, the court must engage in a three-step inquiry. First, the court must decide whether, as a purely legal matter, the failure to properly aid the decedent after his heart attack can be considered an "accident" under the Convention. Second, the court must decide as a factual matter whether the acts of the flight crew and the contents of the medical equipment in this case constituted an unexpected or unusual event. Third, the court must determine whether the flight crew's medical equipment and training caused the decedent's death. *See Husain v. Olympic Airways*, 116 F. Supp. 2d 1121, 1136 (N.D. Cal. 2000) (employing this three-step inquiry). Because this court limited discovery to the applicability of the Warsaw Convention, jurisdiction, and venue, the court will address only the first step of the inquiry at this point.

As a purely legal matter, the negligent failure of the flight crew to adequately serve the needs of an ailing passenger can be considered an "accident" under the Convention. *See Fishman v. Delta Air Lines, Inc.*, 132 F.3d 138, 142 (2d Cir. 1998) (finding that the application of scalding water to an earache caused by change in air pressure constituted an "accident"); *Kemelman v. Delta Air Lines, Inc.*, 293 A.D. 2d 576, 578 (N.Y. App. Div. 2002) (finding that an unreasonable response to a heart attack may constitute an "accident"); *Fulop v. Malev*

8

*Hungarian Airlines*, 175 F. Supp. 2d 651, 664 (S.D.N.Y. 2001) (finding that an abnormal response to a passenger's heart attack may constitute an "accident" because it aggravated the initial heart attack); *McCaskey*, 159 F. Supp. 2d at 574 (finding that lack of crew training and responsiveness after the onset of a stroke constituted an "accident"); *Husain*, 116 F. Supp. 2d at 1136 (finding that the failure to properly maintain or administer oxygen to an ailing passenger aboard an international flight may be considered an "accident"); *McDowell v. Continental Airlines*, 54 F. Supp. 2d 1313, 1318 (S.D. Fla. 1999) (noting that improper maintenance of a carrier's on-board medical equipment can be considered an "accident"); *Tsevas v. Delta Air Lines*, No. 97 C 0320, 1997 WL 767278, at *4 (N.D. Ill. Dec. 1, 1997) (finding that flight attendant's failure to move a passenger upon her request to keep her away from another passenger's lewd behavior was an "accident"); *Cheng v. United Airlines, Inc.*, No. 93 C 149, 1995 WL 42157, at *4 (N.D. Ill. Jan. 31, 1995) (finding that flight attendant's failure to provide adequate first aid after passenger was unconscious and bleeding as a result of turbulence constituted an "accident"); *Seguritan v. Northwest Airlines, Inc.*, 86 A.D. 2d 658, 658 (N.Y. App. Div. 1982) (finding that airline crew's alleged failure to provide medical assistance after passenger suffered a heart attack aggravated the decedent's condition and constituted an "accident").

Despite this line of case law, defendants argue that it is a *"well-settled* rule that an air carrier's conduct after a passenger suffers an injury not due to an external event is not an Article 17 'accident.'" (Defs.' Reply Mem. in Supp. of Mot. Summ. J. at 4.) (emphasis added). Defendants then point to another line of cases concluding that an airline's failure to respond with adequate medical assistance to an injury suffered aboard an aircraft does not constitute an

9

"accident" under the Convention. *See, e.g., Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1520 (11th Cir. 1997) ("[I]n the absence of proof of abnormal external factors, aggravation of a pre-existing injury during the course of a routine and normal flight should not be considered an 'accident' within the meaning of Article 17."); *Abramson v. Japan Airlines Co.*, 739 F.2d 130, 132 (3d Cir. 1984) (finding that flight attendant's worsening of hernia condition was not an unusual or unexpected occurrence); *Rajcooar v. Air India Ltd.*, 89 F. Supp. 2d 324, 328 (E.D.N.Y. 2000) (finding inadequate medical care does not constitute an "accident" without some showing of unexpected circumstances); *Tandon v. United Air Lines*, 926 F. Supp. 366, 369-70 (S.D.N.Y. 1996) (finding that airline crew's failure to respond with adequate medical assistance to passenger suffering a heart attack did not constitute an "accident"); *Walker v. Eastern Air Lines, Inc.*, 775 F. Supp. 111, 114 (S.D.N.Y. 1991) (stating that parties agreed that no "accident" occurred when airline crew aggravated pre-existing condition of passenger); *Northern Trust Co. v. American Airlines, Inc.* 491 N.E.2d 417, 423 (App. Ct. Ill. 1985) (finding that no "accident" occurred when defendants failed to immediately transport passenger to hospital); *Fischer v. Northwest Airlines, Inc.*, 623 F. Supp. 1064, 1065 (N.D. Ill. 1985) (finding that airlines refusal to aid a passenger suffering a heart attack did not constitute an "accident").

The court finds these cases unpersuasive. All but one of these decisions predate the Supreme Court's *Tseng* decision, which established that the Convention is the exclusive remedy for injuries suffered on board an aircraft. *See Tseng*, 525 U.S. at 176. Thus, in all these cases, the passenger who arguably had been harmed by the negligence of a carrier was not completely deprived of a potential remedy. In fact, in many of these cases, it was the airline, not the passenger, arguing that an accident had occurred, because the Convention would limit the

airlines' liability. *See, e.g., Krys,* 119 F.3d at 1519 ("Lufthansa urges us to hold that a negligent response to a passenger's heart-attack symptoms constitutes an 'accident.'"); *Tandon,* 926 F. Supp. at 368 ("United Airlines argues that [decedent's] death was caused by an accident covered by the Warsaw Convention ..."); *Northern Trust Co.,* 491 N.E.2d at 422 (stating that the airlines argued the Convention applied and limited their liability). Even further, in many of these cases, the court indicated that the plaintiff still could pursue a state law negligence action. *See, e.g., Krys,* 119 F.3d at 1530 (affirming district court's findings after the case proceeded as a common-law negligence case); *Abramson,* 739 F.2d at 134 ("[T]he district court erred in failing to reach plaintiff's negligence and willful misconduct claims after correctly finding there was no "accident" under the Warsaw Convention."); *Tandon,* 926 F. Supp. at 371 (concluding that plaintiff's state law claims were not preempted by the Convention); *Walker,* 775 F. Supp. at 116 ("Plaintiff's negligence action under state law is therefore not preempted by the Warsaw Convention."); *Northern Trust Co.,* 491 N.E.2d at 423 ("[P]laintiffs may bring a cause of action against the air carrier under traditional common law rules."); *Fischer,* 623 F. Supp. at 1066 (finding that plaintiff "properly pleaded a negligence action."). These cases are not instructive after the Supreme Court's decision in *Tseng* clarified that the Convention is the exclusive remedy for a passenger injured on an international flight.

In light of the modern trend of the law since *Tseng,* and in the absence of any Seventh Circuit ruling directly on point, this court follows the precedents of recent cases in finding that the negligent failure of the flight crew to appropriately serve the needs of an ailing passenger can constitute an "accident" under the Convention. It cannot be said, as a matter of law, that in the context of the flexible application of the definition of "accident" and in the context of all the

11

circumstances surrounding decedent's death, that the defendants' allegedly inadequate equipment and procedures did not constitute an "accident" under Article 17. Therefore, the court finds that the Convention is applicable here. Accordingly, the court denies defendants' motion for summary judgment on these grounds.

### 3. Forum Non Conveniens

Given the finding that this court has jurisdiction under the Convention, the court now will address defendants' alternative argument, that this action must be dismissed under the doctrine of forum non conveniens. Under the doctrine of forum non conveniens, "a trial court may dismiss a suit over which it would normally have jurisdiction if it best serves the convenience of the parties and the ends of justice." *Kamel v. Hill-Rom Co.,* 108 F.3d 799, 802 (7th Cir. 1997) (citations omitted).

The Seventh Circuit recently noted that "there is a strong preference for conducting the litigation in the plaintiff's chosen forum, and that only rare circumstances make honoring this choice inequitable. '[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *ISI Int'l, Inc. v. Borden Ladner Gervais LLP,* 256 F.3d 548, 553 (7th Cir. 2001) (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947)). Dismissal is appropriate only "when a trial in the chosen forum would result in vexation and oppression to the defendant which would far outweigh the plaintiff's convenience or when the chosen forum would generate administrative and legal entanglements for the trial court." *Kamel,* 108 F.3d at 802. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255 (1981) (stating that the strong presumption in favor of the plaintiff's choice of forum may be overcome "only when the private and public interest factors clearly point towards trial in the alternative forum.").

12

The forum non conveniens inquiry is guided by a number of considerations. First, an adequate alternative forum must be available to hear the case. *Kamel*, 108 F.3d at 802. If this threshold criterion is satisfied, then the court must balance various private and public interest factors to determine the superior venue. *Id.* at 803. The court has substantial flexibility in considering the relative importance of these factors, and the forum non conveniens determination is left to the trial court's sound discretion. *Kamel*, 108 F.3d at 802; *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1245 (7th Cir. 1990). Dismissal is proper if the balance of conveniences suggests the chosen forum would be unnecessarily burdensome for the defendant or the court. *Piper*, 454 U.S. at 256. The defendants bear the burden of persuasion as to all elements of the forum non conveniens analysis. *Pyrenee, Ltd. v. Wocom Commodities, Ltd.*, 984 F. Supp. 1148, 1161 (N.D. Ill. 1997).

### a.     Adequate Alternative Forum

The court first must determine whether there is an adequate alternative forum in which to hear this case. *Piper*, 454 U.S. at 254 n.22. Whether there is an adequate alternative forum for plaintiffs' claims is a "two-part inquiry: availability and adequacy." *Kamel*, 108 F.3d at 802. A forum is "available" if "all parties are amenable to process and are within the forum's jurisdiction." *Id.* at 803 (citing *Piper*, 454 U.S. at 254 n.22). An alternative forum is "adequate" when "the parties will not be deprived of all remedies or treated unfairly." *Id.* (citing *Piper*, 454 U.S. at 255).

Defendants contend that Austria is an "available" forum because Austrian Airlines is amenable to process in Austria. They contend that Austria is an "adequate" forum because courts in the United States have concluded that Austria is an adequate alternative forum, and the

laws of Austria provide a cause of action for wrongful death based on the plaintiffs' allegations. Defendants submit the uncontested affidavit of Dr. Veronika Eva Maria Kozak ("Kozak"), an attorney licensed to practice law in the Republic of Austria who received her master and doctor of law degrees in Vienna, Austria, and who has her own law firm with offices located in Vienna, Austria. (Kozak Decl. ¶ 1.) Kozak's uncontested affidavit states that the Republic of Austria is a signatory to the Warsaw Convention and that plaintiffs' claims as set forth in their complaint are recognized causes of action under Austrian law under the Warsaw Convention, the Austrian Aviation Act, and the Austrian Civil Code. (Kozak Decl. ¶ 11.) Therefore, the court finds that defendants have met their burden of showing that Austria is an available and adequate alternative forum for this action.

### b. Private and public interest factors

Once a court determines that an adequate alternative forum exists, then it must balance the private and public interest factors relevant to the choice of forum. *Piper*, 454 U.S. at 254-55; *Kamel*, 108 F.3d at 803. Private interests factors include "(1) access to evidence; (2) witness convenience; (3) costs associated with witness attendance; and (4) 'all other practical problems that make trial of a case easy, efficient, and economical.'" *Cleary v. Sterenbuch*, No. 01 C 5109, 2001 WL 1035285, at *4 (N.D. Ill. Sept. 10, 2001) (quoting *Kamel*, 108 F.3d at 802). Public interest factors include: "the community's interest in the dispute's resolution, avoidance of conflicts of laws, and the unfairness of requiring citizens in an unrelated forum to serve on a jury." *Id.*

Defendants argue that private interest factors support dismissal of plaintiffs' action to Austria because Austria is the place where (1) records relative to the Flight 542 are maintained;

(2) incident reports are maintained; (3) the training record for the flight crew is maintained; (4) on-board medical kits are prepared and maintained; (5) the carrier is incorporated and has its headquarters; and (6) the majority of liability witnesses are located. Defendants also contend that all the vital witnesses -- including crew members and passengers of Flight 542 -- are located outside the United States and beyond the compulsory process of this court, and for those that would be willing to appear, the costs of transportation and lodging would be burdensome. Finally, defendants contend that trial in Austria would be more expeditious and less expensive than a trial in Illinois because much of the evidence and testimony will be in German, and translation costs would be burdensome. Defendants contend that public interest factors support dismissal of plaintiffs' action to Austria because (1) the need for translation services impose an administrative difficulty in Illinois; (2) jury duty should not be imposed upon people in this community that has no relation to the litigation; and (3) the fact that defendants operate flights to Illinois and plaintiffs reside in Ohio do not warrant retention of jurisdiction.

Defendants continue to bear the burden of persuasion as to this element of the forum non conveniens analysis. Defendants must provide enough information to enable the court to balance the parties' interests. *Piper*, 454 U.S. at 258. At least "some idea of the type of evidence available" to establish key elements of the case must be provided to the court. *Macedo v. Boeing Co.*, 693 F.2d 683, 689 (7th Cir. 1982). To balance these interests, the court needs information permitting it to "scrutinize the substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of evidence cited by the parties are critical, or even relevant, to the plaintiff's cause of action and to any potential defenses to the action." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 528 (1988).

The only evidence provided by defendants to support their arguments regarding private and public interest factors are two paragraphs of a single affidavit of Markus Wimmer, the in-house legal counsel for Austrian Airlines. These paragraphs state that (1) all the crew members of Flight 542 who have information relative to the incident are based in Vienna, Austria, and (2) the majority of the documents and records of the flight are located in "Vienna, Austria and/or India." (Wimmer Decl. ¶ 8-9.) Considering the two arguments for which defendants provide evidence, defendants fail to demonstrate that the balancing of public and private interest factors weighs in favor of dismissal under the doctrine of forum non conveniens.

Regarding the base of the crew members, defendants fail to show that this factor weighs in favor of trial in Austria. First, according to Kozak, Austrian courts can compel the production of certain documents and the attendance of unwilling witnesses. (Kozak Decl. ¶ 10.) Second, defendants have not identified any specific witness who refuses to submit to discovery here, and some of these witnesses may be willing to testify here. *See In re Bridgestone/Firestone, Inc.*, 190 F. Supp. 2d 1125, 1141 n.22 (S.D. Ind. 2002) (finding this factor unpersuasive). Third, United States courts readily accept deposition testimony when the witness is beyond the reach of compulsory process. *See id.* at 1141 n.23 (citing FED. R. EVID. 804(a)(5) and (b)(1)). Provided that the witnesses can be deposed, none of the parties would be without the benefit of these witnesses' testimony for trial in the United States. Finally, defendants provide no evidence regarding the location of non-crew passengers, so by the same token, if the suit is brought in Austria, there still will be costs for transporting and lodging these witnesses. Thus, this factor does not weigh in favor of dismissal.

Regarding the documents and records of the flight, defendants fail to show that this factor weighs in favor of trial in Austria. Defendants furnish no details regarding the quantity of documents located in Austria, in India, and in other locations, or regarding the feasibility of copying and transporting documents. Also, defendant – as an international airline – is better equipped to transport witnesses and documents than the average litigant. *See Coyle v. P.T. Garuda Indonesia*, 180 F. Supp. 2d 1160, 1176 (D. Or. 2001) (weighing these factors). Thus, this factor does not weigh in favor of dismissal.

Even considering defendants' remaining arguments that are devoid of evidentiary support, defendants still fail to demonstrate that the balancing of public and private interest factors warrant dismissal under the doctrine of forum non conveniens. First, defendants fail to show that translation costs favor trial in Austria. Again, defendants furnish no details regarding the quantity or relevancy of documents and testimony needing translation into English. Also, they do not argue that, if the case is tried in Austria, no documents or testimony will have to be translated into German. Therefore, if the suit is brought in Austria, there still will be translation costs involved. *See In re Bridgestone/Firestone, Inc.*, 190 F. Supp. at 1142 ("[T]he best course is to weigh the amount of evidence that must be translated if the trial remains in the U.S. forum against the amount of evidence to be translated if the trial is held in a foreign forum."). Because defendants fail to meet their burden of persuasion on this point, this factor does not weigh in favor of dismissal.

Second, contrary to defendants' assertions, the United States has an interest in the resolution of this case because the case involves the death of one of its own citizens. Also, Illinois is related to the case because it was the decedent's ultimate destination, and Article 28

17

of the Convention mandates that this action be filed in one of four permissible venues, among which is "the court at the place of destination." Further, defendants do not argue that foreign law applies to any issue in this case. In fact, most of the substantive law will be supplied by the Convention rather than by domestic law. *See Coyle*, 180 F. Supp. 2d at 1177 (finding that this factor weighed in favor of trial in the United States). Because both Austria and the United States have legitimate interests in this case and because foreign law does not apply to any issue in this case, these factors do not weigh in favor of dismissal.

In sum, the court finds that the balancing of public and private interest factors weighs in favor of retaining jurisdiction in the United States. Defendants have not met their burden of showing that the private and public factors weigh strongly in favor of trying this case in Austria. Trial here would not result in "oppressiveness and vexation to [defendants] as to be out of all proportion to plaintiff's convenience." *Koster v. (American) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947). Thus, defendants have not shown sufficient cause to dismiss this action on the ground of forum non conveniens. Accordingly, the court denies defendants' motion for summary judgment on these grounds.

### III. CONCLUSION

For the foregoing reasons, the court (1) denies plaintiffs' motion to strike, and (2) denies defendants' motion for summary judgment.

**JUL 18 2002**
_____
Date

_____
James H. Alesia
United States District Judge

18